UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re: )
                                )           Chapter 11
FIRST FLIGHT LIMITED PARTNERSHIP, )
                                )           Case No.: 17-18645
       Debtor. )
                                )

**EMERGENCY MOTION FOR APPROVAL OF INTERIM CONSENT ORDER
AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION TO M&T BANK**

First Flight Limited Partnership (the "**Debtor**"), by its undersigned counsel, hereby files this Emergency Motion ("**Motion**") seeking the entry of a Consent Order in substantially the form of the proposed *Consent Order Authorizing Debtor's Use of Cash Collateral and Granting Adequate Protection to M&T Bank Pursuant to 11 U.S.C. § 363* (the "**Consent Order**"), which is attached hereto as **Exhibit 1**. In support of this Motion, the Debtor states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (K), (M) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2. The statutory basis for the relief sought in this Motion is Section 363(c) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

**Background**

*The Debtor's Bankruptcy Case*

3. On June 25, 2017 (the "**Petition Date**"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy Code**").

4. Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. As of the date of this Motion, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors in this case.

6. The Debtor is a Virginia limited liability partnership that owns and operates commercial properties in Hagerstown, Maryland.

*M&T Bank's Prepetition Secured Loan*

7. Prior to the Petition Date, M&T Bank extended a $9,750,000.00 commercial loan (the "**Loan**") to the Debtor, as evidenced by, among other things: (a) a *Term Note,* dated October 11, 2013, executed and delivered by the Debtor to the order of M&T Bank in the original principal amount of $9,750,000.00 (the "**Note**"); (b) a *Credit Agreement*, dated October 11, 2013, by and between the Debtor and M&T Bank (the "**Loan Agreement**"); and (c) various other documents.

8. The indebtedness and obligations owed by the Debtor to M&T Bank under the Note and the Loan Agreement are secured by first-priority duly perfected liens and security interests in, to and against certain real property and other assets of the Debtor pursuant to, to the extent provided for in and as more particularly described in the following documents: (i) a *Refinance Deed of Trust, Security Agreement and Fixture Filing*, dated October 11, 2013, executed by the Debtor for the benefit of M&T Bank, and recorded among the Land Records for Washington County, Maryland (the "**Land Records**") in Liber 4651, folio 157 (the "**Deed of Trust**"); (ii) a *Refinance Assignment of Rents and Leases*, dated October 11, 2013, executed and delivered by the Debtor in favor of M&T Bank, and recorded among the aforesaid Land Records in Liber 4651, folio 175 (the "**Assignment of Leases**"); (iii) a *General Security Agreement*, dated October 11, 2013, executed and delivered by the Debtor in favor of M&T Bank; and (iv) certain UCC-1 Financing Statements

from the Debtor in favor of M&T Bank and recorded among the aforesaid Land Records and with the Virginia State Corporation Commission (collectively with the Deed of Trust and the Assignment of Leases, the "**Security Documents**").

9. The Note, the Loan Agreement, the Security Documents, all other documents evidencing, securing, guarantying or otherwise documenting the indebtedness and obligations owed under the Loan, and all other documents relating thereto and/or executed in connection therewith, are hereafter collectively referred to as the "**Loan Documents**".

### *The Prepetition Collateral*

10. All indebtedness and obligations owed by the Debtor under the Loan Documents (including, all principal, accrued and unpaid interest, late charges, taxes, appraisal fees, attorneys' fees and expenses, and all other sums now or hereafter due or payable to M&T Bank under the Loan Documents), are secured by, *inter alia*:

(a) a first-priority duly perfected deed of trust lien and security interest in, to and against (i) certain real property of the Debtor generally known as Unit 2, 41.9086 AC.+/-, First Flight Air Park Condominium, Inc., together with an undivided 97% interest in the common elements of the First Flight Air Park Condominium, Inc., located at 18450 Showalter Road, Hagerstown, Maryland 21742 (Tax ID Nos. 27-038166 and 27-005012) (collectively, the "**Property**"), (ii) all other assets of the Debtor described in the Security Documents and/or located at the Property, and (iii) all products and proceeds of any of the foregoing assets, pursuant to and as more particularly described in the Deed of Trust; and

(b) first-priority duly perfected liens in and assignments of the Debtor's right, title and interest in and to, *inter alia*: (i) all present and future leases and other agreements relating to the Property (collectively, the "**Leases**"); and (ii) all rents, security deposits, income, receipts, revenues, issues, profits and other sums now or hereafter due or payable to the Debtor as a result

of or in connection with the Leases or the Property (collectively, the "**Rents**"), pursuant to and as more particularly described in the Deed of Trust and the Assignment of Leases.

11. For purposes of this Motion, the Property, the Leases, the Rents, and all other assets that serve as security for the indebtedness owed to M&T Bank under the Loan Documents are hereafter collectively referred to as the "**Prepetition Collateral**".

*Status of Indebtedness and Prepetition Liens*

12. M&T Bank asserts that as of June 27, 2017, the indebtedness owed by the Debtor to M&T Bank under Loan Documents, excluding costs, expenses and attorneys' fees, amounted to $9,709,723.29, consisting of principal in the amount of $8,846,422.00, accrued and unpaid interest in the amount of $418,089.49 and late charges in the amount of $445,211.80. All indebtedness owed to M&T Bank under the Loan Documents, including, without limitation, all principal, accrued and unpaid interest, late charges, costs, expenses and attorneys' fees owed thereunder, is hereafter collectively referred to as the "**Indebtedness**".

13. By agreeing to the terms of the Consent Order, the Debtor shall not be deemed to have acknowledged or agreed to the amount of the Indebtedness asserted by M&T Bank or any component thereof. Pursuant to the terms of the Consent Order, the Debtor, however, does acknowledge, ratify and confirm the following:

    (a) All of the Loan Documents are valid and binding and fully enforceable against the Debtor in accordance with their terms; and

    (b) M&T Bank holds valid, enforceable and properly perfected first-priority liens and security interests in, to and against all of the Prepetition Collateral, including, *inter alia*, the Property, the Leases, the Rents, and all products and proceeds thereof.

*The Debtor's Need for Use of Cash Collateral*

14. All cash, products and proceeds of the Prepetition Collateral (including all Rents) that come into the possession, custody or control of the Debtor (both prepetition and post-petition) constitute M&T Bank's cash collateral (collectively, the "**Cash Collateral**") as that term is defined under Section 363(c)(1) of the Bankruptcy Code.

15. An immediate need exists for the Debtor to obtain use of M&T Bank's Cash Collateral to fund the Debtor's critical business operations. A schedule of the Debtor's cash requirements is set forth in the budget (the "**Budget**") appended to the attached Consent Order as Exhibit A and incorporated by reference herein.

16. The Debtor is not authorized to use M&T Bank's Cash Collateral absent M&T Bank's consent to such usage and the entry of an order of this Court authorizing that use pursuant to applicable bankruptcy law. In all circumstances, M&T Bank is entitled to adequate protection of its interest in the Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code, including, without limitation, compensation to M&T Bank for any loss or diminution in the value of the Cash Collateral resulting from the Debtor's use of the same.

17. M&T Bank is willing to consent to the Debtor's use of Cash Collateral pursuant to the Budget and the other terms and conditions contained in the proposed Consent Order.

**Relief Requested**

18. By this Motion, the Debtor seeks the entry of the Consent Order permitting the Debtor's use of Cash Collateral and granting M&T Bank adequate protection of its interest in the Prepetition Collateral and Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code.

19. Under the Consent Order, the Debtor will be permitted to use Cash Collateral only for the time period set forth in the Consent Order, and only in the amounts and category limits set forth in the Budget.

20. The Debtor shall not use Cash Collateral to pay any administrative expenses or professional fees of the Debtor or the Debtor's estate, other than quarterly fees due to the United States Trustee's Office and professional fees and expenses specifically identified in the Budget that are incurred by the Debtor in connection with this Chapter 11 Case, provided that such fees and expenses are approved by an order of this Court.

21. The authorization granted to the Debtor under the Consent Order will terminate upon the earlier of: (a) July 28, 2017, at 4:00 p.m. (prevailing Eastern Time); (b) the entry by the Court of an order denying the Debtor's authorization to use Cash Collateral; or (c) at the option of M&T Bank, upon the occurrence of an "Event of Default" (as defined in the Consent Order) after notice and the expiration of the cure period as set forth in the Consent Order.

22. In addition to the terms and conditions described above, the Debtor's use of Cash Collateral is subject to all of the following conditions under the Consent Order:[1]

    (a) <u>Information Regarding Leases and Rents</u>. Simultaneously with the entry of the Consent Order, but in no event later than 3:00 p.m. on June 29, 2017, the Debtor shall provide M&T Bank with copies of all current Leases (and any amendments thereto) for the Property and a current monthly rent roll for the Property.

    (b) <u>Financial Information and Reporting.</u> During the period covered by the Consent Order, the Debtor shall provide M&T Bank with certain financial information, documentation and reporting, pursuant to and as more particularly described in the Consent Order.

    (c) <u>Taxes</u>. During the pendency of this Chapter 11 case, the Debtor shall make all payments that it is required to make to all "Taxing Authorities" (as defined in the Consent Order) with respect to all forms of Taxes that come due after the Petition Date, when and as said payments are due.

    (d) <u>Insurance</u>. During the pendency of this Chapter 11 case, the Debtor shall maintain fire, casualty and other hazard insurance with respect to all of the Properties and the other Collateral, in amounts and under such insurance policies as are acceptable to M&T Bank. Simultaneously with the entry of the Consent Order, but in no event later than

---

[1] The following description is intended only as a summary of the terms and definitions in the proposed Consent Order. To the extent there are any inconsistencies between the summary description contained herein and the terms and conditions of the Consent Order, the terms and conditions of the Consent Order shall in all respects control.

- 6 -

3:00 p.m. on July 3, 2017, the Debtor shall provide M&T Bank with documentation evidencing the existence of all such insurance policies.

    (e)    <u>Maintaining Collateral</u>. At all times hereafter, the Debtor shall maintain the Collateral in good repair and shall perform such maintenance and repairs with respect to the Collateral as is customarily performed in connection with assets of this type.

23. As adequate protection for M&T Bank's consent to the Debtor's use of Cash Collateral, the Debtor shall grant M&T Bank valid, perfected, enforceable, first-priority replacement liens (the "**Replacement Liens**") in, to and against all of the Debtor's Collateral (including Cash Collateral) generated post-petition, equal to the loss or diminution, if any, subsequent to the Petition Date, in the value of M&T Bank's interest in the Cash Collateral.

24. As further adequate protection for M&T Bank's consent to the Debtor's use of Cash Collateral, on or before 3:00 p.m. on July 10, 2017, the Debtor shall deliver to M&T Bank, in immediately available funds, a payment in the amount of $25,000.00 (the "**Adequate Protection Payment**").

25. The proposed Consent Order also includes the following provisions:

    12.    <u>No Surcharge of Collateral</u>. No costs or expenses of administration which have been or may be incurred in this Chapter 11 Case, or in any conversion of this Chapter 11 Case pursuant to Section 1112 of the Bankruptcy Code, are or will be prior to or on a parity with the claims of M&T Bank against the Debtor or any successor debtor-in-possession or trustee, or with the liens and security interests that M&T Bank holds against the Cash Collateral; and no such costs or expenses of administration shall be imposed against M&T Bank, its claims or the Cash Collateral under Section 506(c) by the Debtor or otherwise, other than quarterly fees due to the United States Trustee's Office, provided that such fees and expenses are approved by an order of this Court.

    13.    <u>Accrual of Interest</u>. Subject to the provisions of Section 506 of the Bankruptcy Code, interest shall continue to accrue on the unpaid principal balance that is owed to M&T Bank under the Note at the applicable rate of interest specified therein until all amounts owed under the Loan Documents have been paid in full.

    14.    <u>No Encumbrances, Sale or Transfer of Collateral</u>. No further encumbrances of any kind or type, whether voluntary or involuntary, shall be placed against any of the Debtor's assets without the prior written consent of M&T

Bank or order of this Court.  The Debtor shall not sell the Collateral or any portion of the Collateral, without M&T Bank's prior written consent or by an order of this Court.

15. <u>Binding Effect of Order</u>.  Unless otherwise provided herein, the terms and conditions of this Order relating to the liens, security interests and priorities granted to M&T Bank herein shall be binding upon the Debtor, its estate, its creditors, all other parties-in-interest and all successors-in-interest thereof including, without limitation, any Chapter 11 trustee that may be appointed in the Chapter 11 Case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which the Chapter 11 Case may be converted.  This binding effect is an integral part of the agreement of the Debtor and M&T Bank evidenced hereby.  No obligation, payment, transfer or grant of security in favor of M&T Bank as authorized by or pursuant to the Order shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim.

26. The Debtor and M&T Bank have also agreed that, upon the occurrence of an Event of Default under the Consent Order after notice and the expiration of the cure period as set forth in the Consent Order, or upon the expiration of the Debtor's authorization to use Cash Collateral as provided for in the Consent Order: (a) the Debtor will immediately cease and be enjoined from using Cash Collateral and will provide appropriate evidence to M&T Bank of the Debtor's cessation of the use of Cash Collateral; and (b) M&T Bank, immediately thereafter, shall be entitled to seek such relief from the Bankruptcy Court as may be necessary to protect M&T Bank's interest in the Cash Collateral and the other Collateral.

27. An immediate need exists for the Debtor to obtain use of M&T Bank's Cash Collateral to fund its critical business operations.  In the absence of the entry and continued effectiveness of the Consent Order, M&T Bank will not consent to the Debtor's use of Cash Collateral.  Consequently, the Debtor respectfully submits that the Replacement Liens, the Adequate Protection Payment and the other rights granted to M&T Bank in the Consent Order are necessary and appropriate to obtain M&T Bank's consent to the Debtor's use of Cash Collateral and to provide adequate protection for M&T Bank's interest in such Cash Collateral.

28.  Good and sufficient cause exists for the entry of the proposed Consent Order. Among other things, the Consent Order will minimize the disruption of the Debtor's existing business and enable the Debtor to, *inter alia*, fund its critical business operations, pay taxes, insurance and other carrying costs related to the Property, and maintain adequate cash resources to protect and preserve the value of the Debtor's business and the Prepetition Collateral.

### Notice of Motion and Consent Order

29.  Notice of this Motion and the proposed Consent Order has been served by first-class mail, postage prepaid, to: (a) the Office of the United States Trustee for the District of Maryland (Greenbelt Division); (b) all parties asserting an interest in the Cash Collateral; (c) all creditors of record in the Debtor's Chapter 11 case; and (d) all parties requesting notice in this Chapter 11 case, pursuant to Sections 102, 105, 361, and 363 of the Bankruptcy Code, Federal Bankruptcy Rule 4001 and the applicable Local Rules of this Court.

30.  Furthermore, within one (1) business day of the entry of the Consent Order, the Debtor shall serve a notice of the Consent Order to M&T Bank, its counsel, the United States Trustee, the twenty (20) largest unsecured creditors of the Debtor, and any other persons that the Debtor knows is entitled to receive notice in this case under Bankruptcy Rule 4001(d) as of such date, and any other party-in-interest from whom the Debtor's attorneys have received a written request for notice in this case before 2:00 p.m. (prevailing East Coast time) on such date to receive such pleadings.  The notice of the Consent Order shall state that any creditor or other party-in-interest objecting to final approval of the Consent Order shall file a written objection with the United States Bankruptcy Court Clerk for the District of Maryland (Greenbelt Division) within fourteen (14) days after the entry of the Consent Order, which objection shall be served so that the same is received on or before 4:00 p.m. (prevailing Eastern time) on such date by counsel for the Debtor and counsel for M&T Bank set forth at the end of the Consent Order (at each of the

addresses set forth therein).  If any objection is timely filed, served, and received, a written reply thereto shall not be required but may be filed and served so that it is received by the objecting party and the other parties set forth above no later than one (1) business day prior to the date of the hearing.  A hearing shall be held on any objections to the entry of the Consent Order before the Court on a date and time scheduled by the Court.

### Conclusion

WHEREFORE, based on the reasons set forth above and any additional reasons that may be stated at a hearing on this Motion, the Debtor respectfully requests that the Court:

A. Grant this Motion;

B. Enter the proposed Consent Order authorizing the Debtor's use of Cash Collateral and granting M&T Bank adequate protection of its interest in the Prepetition Collateral and Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code; and

C. Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

Date:  June 28, 2017                     /s/ Morgan W. Fisher
Morgan Fisher, Esquire #28711
Law Offices of Morgan Fisher LLC
1125 West Street, #227
Annapolis, Maryland 21401
 (410) 626-6111
mwf@morganfisherlaw.com

*Proposed Counsel for Debtor, First Flight Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 28th day of June, 2017, copies of the foregoing *Emergency Motion for Approval of Consent Order Authorizing Debtor's Interim Use of Cash Collateral and Granting Adequate Protection to M&T Bank*, the *Notice of Emergency Motion for Approval of Consent Order Authorizing Debtor's Interim Use of Cash Collateral and Granting Adequate Protection to M&T Bank*, and proposed *Consent Order* were served: (i) electronically on all parties registered to receive electronic notice in the above-captioned case via the Court's CM/ECF automated case management and electronic docketing system, and (ii) by first-class mail, postage prepaid, on the following:

M&T Bank
c/o Michael G. Gallerizzo, Esq.
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202

Lynn A. Kohen, Esquire
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Washington First Bank
11921 Freedom Drive, Suite 250
Reston, Virginia 20190

Dan Press
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101

First Flight Limited Partnership
18450 Showalter Road
Hagerstown, Maryland  21742-1383

Alliance Technology Group, LLC
Attn:  Hugh V. Hayes
7010 Hi Tech Drive
Hanover, Maryland  21076-1008

Allred Bacon Halfhill & Young
11350 Random Hills Road
Fairfax, Virginia  22030-6044


American Express
P.O. Box 1270
Newark, New Jersey  07101-1720

B.P. Lesky Distributing Co.
120 Western Maryland Pkwy
Hagerstown, Maryland  21740-5116

US Securities and Exchange Commission
Atlanta Reg. Office and Reorg.
950 E. Paces Ferry Rd., NE, Suite 900
Atlanta, Georgia  30326-1382

Chase Card
P.O. Box 15298
Wilmington, Delaware  19850-5298

City of Hagerstown, Maryland
City Hall
1 E. Franklin Street
Hagerstown, Maryland  21740-4978

Clever Carpet Cleaners
7106 Barrett Court
Sharpsburg, Maryland  21782-1034

Comptroller of Maryland
Revenue Administration
110 Carroll Street
Annapolis, Maryland  21411-1000

Comptroller of the Treasury
Compliance Division, Room 401
301 W. Preston Street
Baltimore, Maryland  21201-2305

D.M. Bowman, Inc.
10226 Governor Lane Blvd., #400
Williamsport, Maryland  21795-4093

Diamond Electric Underground Repair, Inc.
Box 83B Red Hill Road
Keedysville, Maryland  21756

Heller's Gas
16827 National Pike
Hagerstown, Maryland  21740-2162

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, Pennsylvania  19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania  19101-7346

M&T Bank
Legal Document Processing
1100 Wherle Drive
Williamsville, New York  14221-7748

Marble Mountain LLC
4080 Lafayette Center Dr., Suite 360
Chantilly, Virginia  20151-1252

Miller's Supplies at Work
8600 Cinder Bed Road
Lorton, Virginia  22079-1470

Offit Kurman
8000 Towers Crescent Drive, Suite 1500
Vienna, Virginia  22182-6216

Ongoing Operations, LLC
18450 Showalter Road, #113
Hagerstown, Maryland  21742-1383

Barrie Peterson
57 Isla Bahia Drive
Ft. Lauderdale, Florida  33316-2329

Potomac Edison
10802 Bower Avenue
Williamsport, Maryland  21795-3016

Secretary of the Treasury
15th and Pennsylvania Ave., N.W.
Washington, D.C.  20220-0001

State of Maryland DLLR

Case 17-18645   Doc 13   Filed 06/28/17   Page 14 of 14

Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, Maryland  21201-2225

Stinson Leonard Street LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, D.C.  20006-4760

Tax Authority of Washington County, Maryland
Treasurer's Office
35 West Washington Street, Room 102
Hagerstown, Maryland  21740-4844

The Hartford Financial Services Group, Inc.
690 Asylum Avenue
Hartford, Connecticut  06155-0002

U.S. Attorney-District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland  21201-3119

U.S. Lawns
9446 Earley Drive
Hagerstown, Maryland  21740-2066

US Trustee – Greenbelt
6305 Ivy Lane, Suite 600
Greenbelt, Maryland  20770-6305

WashingtonFirst Bank
11921 Freedom Drive, Suite 250
Reston, Virginia  20190-5676

          /s/ Morgan Fisher
      Morgan Fisher, Esquire

- 14 -